# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Date: November 4, 2011

Courtroom Deputy: Nel Steffens
Court Reporter: Suzanne Claar
Probation Officer: Carryl Ricca

**Criminal Action No. 11-cr-00201-REB**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | Lillian Alves |
| | Jeremy Sibert |
| Plaintiff, | |
| v. | |
| 1. MANUEL SALVADOR AVITIA-GUILLEN, | Virginia Grady |
| a/k/a Robert Santini, | |
| a/k/a Pete Ruiz, | |
| a/k/a Joe Ruiz Garcia, | |
| a/k/a Robert Lopez, | |
| a/k/a Alfred Davila, | |
| Defendant. | |

## SENTENCING MINUTES

**10:11 a.m.   Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addenda.

Counsel for the government confirms that counsel has read the presentence report and addenda.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addenda with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty,

- uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the defendant's **Motion for Below-Guideline Statutory Sentence** [#39] filed October 21, 2011, is **DENIED**;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count One of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **forty-one (41) months**;

5. That no term of supervised release is imposed;

6. That no fine is imposed;

7. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

8. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

9. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

10. That this court recommends that the Bureau of Prisons designate the defendant to a correctional institution in or near Chicago, Illinois; and

11. That the defendant is remanded to the custody of the United States Marshal.

Government objects to the lack of supervised release term. The defendant has no objection to the procedures taken by the court.

The defendant is advised of the right to appeal the sentence imposed by the court.

**11:01 a.m. Court in recess.**

Total time in court: 00:50

Hearing concluded.